THE STATE ex rel. LIONBERGER v. TOLLE.

1. **Mandamus** will not lie to compel an executor to publish a notice of sale of real estate ordered by the probate court, in the newspaper in which official notices are required by law to be published.

2. **Constitutional Law**: POWERS OF ST. LOUIS CIRCUIT COURT IN RESPECT TO JUDICIAL ADVERTISEMENTS. Section 320, Revised Statutes 1879, provides that in all cities having a population of more than one hundred thousand inhabitants, a board consisting of the judges of the circuit court of such cities shall receive bids and award the publication of all advertisements, judicial notices and orders of publication required by law to be made, to the newspaper making the lowest bid. Article 3 of the constitution prohibits the exercise by either department of the government of any power belonging to another, except in the instances expressly directed or permitted by the constitution. Section 27, article 6, declares that the circuit court of the city of St. Louis shall consist of five judges, each of whom "shall sit separately for the trial of causes and the transaction of business in special term. The judges of said court may sit in gen-

| 71 | 645 |
| 100 | 447 |
| 71 | 645 |
| 110 | 52 |
| 111 | 167 |
| 71 | 645 |
| 115 | 324 |
| 71 | 645 |
| 121 | 69 |
| 123 | 486 |
| 125 | 368 |
| 71 | 615 |
| 127 | 10 |
| 127 | 657 |
| 128 | 385 |
| 128 | 442 |
| 71 | 645 |
| 129 | 176 |
| 131 | 5 |
| 71 | 645 |
| 134 | 528 |
| 71 | 645 |
| 136 | 405 |
| 71 | 645 |
| 145 | 461 |
| 147 | 12 |
| 80a | 216 |
| 71 | 645 |
| 152 | 534 |
| 71 | 645 |
| 154 | 455 |
| 154 | 456 |
| 154 | 457 |
| 154 | 460 |
| 154 | 461 |
| 154 | 464 |
| 154 | 467 |
| 154 | 469 |
| 154 | 470 |
| 154 | 472 |
| 154 | 477 |
| 154 | 478 |
| 71 | 645 |
| f163 | 674 |

eral term for the purpose of making rules of court and for the transaction of such other business as may be provided by law;    *
*    but shall have no power to review any order, decision or proceeding of the court in special term.". The judges of the circuit court of the city of St. Louis, (a city of more than 100,000 inhabitants,) having awarded a contract in pursuance of section 320, *supra;* *Held*, that the contract was not void for want of power in them to make it. The power given to the judges of that court in section 27 to transact " such other business as may be provided by law," includes the performance of such duties pertaining to judicial business as the legislature may deem it necessary for the judges to perform, with a view to the efficient administration of justice or the protection of the rights of litigants and others who are to be affected by legal proceedings; and, therefore, the act, so far at least as it relates to the city of St. Louis, is warranted by this section of the constitution, and confers the power to make the award.

3. ————: SPECIAL LAW. Section 320, Revised Statutes 1879, is not a special act; nor would it be even if the city of St. Louis had been designated in it by name as the only city to which it can apply, as there is specific authority in the constitution for its enactment.

*Quo   Warranto.*

WRIT DENIED.

*Jno. D. Davis* for relator.

*W. B. Thompson* for respondent.

*Charles Gibson, Patrick & Frank* and *Lee & Chandler* for the " Post-Dispatch Newspaper Company."

HOUGH, J.—The relator is assignee of the Broadway Savings Bank, a creditor of the estate of John F. Tolle, deceased. The respondent, Margaret Tolle, is executrix of the will of said Tolle. An order of sale of real estate, for the payment of debts, was made by the probate court of the city of St. Louis, and the respondent was by said order required to give notice of said sale by advertisement, as required by law. The circuit judges of the city of St. Louis, in pursuance of section 320 of the Revised Statutes, had awarded the publication of all advertisements, judicial

notices and orders of publication required by law to be made to the Post-Dispatch. The executrix refused to make publication of the notice of said sale in the Post-Dispatch, but advertised the same in the Missouri Republican.

The assignee of the bank now applies to this court for a writ of mandamus to compel the executrix to publish said notice in the Post-Dispatch. This court has no authority to employ its writ of mandamus for any such purpose. An executrix, in the performance of the duties imposed upon her by the will and the law regulating the settlement of estates, is a mere trustee engaged in administering a private trust. *State ex rel. v. Powell*, 67 Mo. 395. As to such matters, she holds neither an official nor a quasi official station, and cannot be proceeded against by mandamus. *State ex rel. v. Trent*, 58 Mo. 571. If this writ could issue in a case like the present, it might with equal propriety be invoked to compel the executrix to pay a legacy or make a final settlement. The probate court has ample authority to compel the executrix to perform her duty under the law. R. S., §§ 43, 1176, 1181, 1188. This is of itself a sufficient reason for refusing the writ. *State ex rel. v. Governor*, 39 Mo. 400. The question as to the power of this court to issue a writ of mandamus in a case like the present has not been raised by the respondent, but it is the duty of this court, of its own motion, to see that its process is neither abused nor misapplied.

As the purpose of this proceeding is to test the constitutionality of section 320 of the Revised Statutes, which requires the judges of the circuit courts in all cities having over 100,000 inhabitants to award to the newspaper therein being the lowest bidder and having a designated circulation the printing of all legal notices; and, as this question has been argued at length, and its early decision has been stated to be a matter of public concern, we think it best to state very briefly the views of this court upon the subject, notwithstanding we are of the opinion that it is not a

proper case for mandamus. Two objections are urged against the constitutionality of the enactment cited. First, that it is in conflict with article 3 of the constitution, which prohibits the exercise, by either of the three departments of government, of powers properly belonging to the others. Second, that it is in violation of the provisions of the constitution prohibiting the enactment of special laws.

So far as the present case is concerned, section 320 of the Revised Statutes may be considered in connection with section 27 of article 6 of the constitution relating to the organization of the circuit court of St. Louis, which is as follows : " The circuit court of St. Louis county shall be composed of five judges, and such additional number as the general assembly may, from time to time, provide. Each of said judges shall sit separately for the trial of causes and the transaction of business in special term. The judges of said circuit court may sit in general term for the purpose of making rules of court, and for the transaction of such other business as may be provided by law, at such time as they may determine, but shall have no power to review any order, decision or proceeding of the court in special term." This section clearly authorizes the legislature to impose upon the circuit judges of St. Louis duties relating to the administration of justice or connected therewith, which are not purely judicial in their character. All purely judicial duties are required by this section to be performed by the several judges sitting separately in special term, and they are expressly forbidden to exercise purely judicial functions when sitting in general term. They have no original jurisdiction, when thus sitting, to hear causes or to transact any judicial business, and they are directly prohibited from reviewing any order, decision or proceeding of the court in special term. They are authorized, however, when sitting in general term, to make rules of court, and to transact " such other business as may be provided by law."

It is not always easy to distinguish between the powers

and duties which may and those which may not be assigned by the legislature to the several departments among which the constitution requires the distribution of the powers of government to be made. This difficulty has given rise to much litigation, and has induced the courts to adopt very liberal views in determining where any power not easily classified may be properly lodged. In *The State v. Harmon*, 31 Ohio St. 250, it was said : " Whether power in a given instance ought to be assigned to the judicial department, is ordinarily determinable from the nature of the subject to which the power relates. In many instances, however, it may appropriately be assigned to either of the departments." Judge Cooley, in his work on constitutional limitations, speaking of the division of the powers of government, says : " It is difficult to point out the precise boundary which separates legislative from judicial duties. It is still more difficult to discriminate in particular cases between what is properly legislative and what is properly executive duty. The authority that makes the laws has large discretion in determining the means through which they shall be executed " (p. 138, 4th ed.) While the foregoing observations were intended by the author to apply more particularly to legislative encroachments upon the executive department, yet they are equally applicable to the case under consideration ; *vide*, also, *ex parte Robinson*, 6 McLean, 359 ; *ex parte Gist*, 26 Ala. 161 ; *Walker v. City of Cincinnati*, 21 Ohio St. 49.

The power to make rules of court conferred by the 27th section of the constitution above cited, is itself not strictly a judicial power. Acts done by courts under rules established by themselves are, of course, judicial in their nature ; but, to prescribe a rule of action, properly belongs to the law-making power. To decide upon the rights of parties under a rule prescribed belongs to the judicial power. Yet, as it is essential to the proper administration of justice that the courts shall have power to supplement the rules of pleading and practice enacted by the legislature by such

rules, not inconsistent therewith, as experience may, from time to time, demonstrate to be necessary to the proper exercise of their functions, the power to make such rules has always been upheld, and is conferred by statute upon all courts of record. R. S., § 1034.

We are of the opinion that the phrase "such other business as may be prescribed by law" certainly includes such duties pertaining to judicial business as the legislature may deem it necessary for the judges to perform with a view to the efficient administration of justice or for the protection of the rights of litigants and others who are to be affected by legal proceedings. Such, in our view, is the character of the duties imposed by the act in question. Its purpose is obvious, and it will doubtless prove to be highly beneficial in large cities, where newspapers are numerous, and the opportunities for concealing legal notices from those who are to be affected by them are correspondingly great. *Vide* 2 Cent. Law Jour., pp. 2, 37. We do not wish to be understood as holding that the duties in question could not have been imposed without the aid of the constitutional provision above cited. Somewhat similar duties have been imposed upon judges in this State certainly since the year 1849, without any special constitutional authority therefor. R. S., § 3,500.

Nor do we think the act in question is a special law within the meaning of the constitution. The distinction between general and special laws is very clearly laid down by the supreme court of Pennsylvania in *Wheeler v. Philadelphia*, 77 Pa. St. 338, 348. It is there held "that a statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special," and that classification does not depend upon numbers. *Vide*, also, *McAunich v. R. R. Co.*, 20 Iowa, 338, and *State v. Parsons*, 40 N. J. L. 1, 8.

If the city of St. Louis had been designated by name in the act in question, such act would be regarded as having been passed in pursuance of a special grant of power to the

legislature to impose certain duties upon the judges of the St. Louis circuit court, and would fall within the rule laid down in *The State ex rel. v. Walton*, 69 Mo. 558. All the judges concur. Writ denied.