THE STATE *ex rel.* SETZER v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1.  **Railroads**: SCHOOL TAXES.  Taxes for building school houses cannot, under the revenue law of this state, be levied on railroad property.  Only school taxes for school purposes proper can be levied on such property. (Affirming *State ex rel. Brown v. Wabash, St. Louis & Pacific Railway Company*, 83 Mo. 395).

2.  ———: ROAD TAXES, EXEMPTION FROM: STATUTE.  Section 5012 of the Revised Statutes of 1879, exempting from road tax the property of persons residing within the limits of an incorporated village or town, applies to property within such village or town owned by non-residents.  R. S., sec. 6950.

*Appeal from Gentry Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

REVERSED.

*Geo. S. Grover* for appellant.

(1) Under section 6880 of the Revised Statutes of Missouri, levies for building purposes could not lawfully be included in fixing the average rate of taxation for school purposes upon the property · of defendant in Gentry county for the year 1882. R. S., sec. 6880, p. 1354; Sess. Acts 1885, p. 229 ; *State ex rel. Brown v. Railroad*, 83 Mo. 395. (2) The defendant was exempt from road taxes upon its property located in the village of McFall. R. S., sec. 5012, p. 994 ; R. S., sec. 5015, p. 995 ; R. S., sec. 6950, p. 1368 ; Cooley on Taxation, 273, and cases cited ; Hilliard on Taxation, p. 207, and cases cited ; Burroughs on Taxation, sec. 84, p. 165, and cases cited ; *Railroad v. Commonwealth*, 1 Bush [Ky.] 250 ; *Baldwin v. Trustees*, 37 Me. 369 ; *Life Ins. Co. v. Commissioners*, 1 Keyes [N. Y.] 303 ; *Otis Co. v. Inhabitants of Ware*, 8 Gray, 511, and cases cited.

*Patton, Cranor & Peery* and *Jas. H. Whitten* for respondent.

HENRY, C. J.—The first question we are called upon to decide in this case is, has the plaintiff a right to recover $274.40, which is an amount of taxes assessed against defendant by the county court of Gentry county, based · upon the building tax levied in the various school districts of the county, the county court having included said building tax in the amount upon which the average rate of school tax was computed? The defendant paid the taxes assessed against it, except the above amount, and $5.21 road tax. From a judgment against the defendant this appeal is prosecuted.

.This precise question was involved and decided in the case of *The State ex rel. Brown v. Railroad*, 83 Mo.

395, and we then held that, under the revenue law of this state, school taxes cannot be levied on railroad property for building school houses, but only for school purposes proper, and we adhere to that opinion.

The second question relates to the liability of defendant to pay road taxes upon its real property situate in the town of McFall, an incorporated village in the county of Gentry. Section 5012, Revised Statutes, provides that: "All persons residing within the corporate limits of such towns, shall be exempt from working on roads without the corporate limits of said town, and from paying tax or fine relating to the same on property within such corporate limits." By section 5010, the board of trustees has power to locate and lay out streets and alleys, and "to open, clear, regulate, grade, pave, or improve the streets and alleys of such town," and by section 5015, the board has power to charge the owners of adjacent lots with the expense of the above improvements, and if not paid collect it by civil action. Section 6950 exempts from road tax and labor "the property and the inhabitants of any city, town, or village, the corporate laws of which exempt such persons and property from such a road tax."

The evident intent of the above sections was to make the property in incorporated towns liable for the improvement of streets and alleys, and because charged with that burden, to exempt such property from taxation to keep in repair highways beyond the limits of said town. While sections 5012 and 6950, literally construed, only exempt the property of "persons residing within the corporate limits of such towns," yet the spirit of the law embraces all who own property tnere. It could not have been the purpose to subject the property owned by a non-resident of the town to double taxation, imposing upon such property not only the burden of keeping the streets and alleys of the town in repair, in common with other property within the town, but also, in addition, to

subject it to taxation for repair of roads outside the corporate limits. It would be so inequitable and unjust to exempt the lot owned by a resident of McFall from a road tax, because it was liable for the expense of opening and repairing the streets and alleys, and yet subject the adjoining lot owned by a person living in another town, to both burdens, that we cannot give the law that construction.

The judgment is reversed. All concur.