OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1895.

*( Continued from Volume 130.)*

DUNNE v. KANSAS CITY CABLE RAILWAY COMPANY,
*Appellant.*

Division One, November 26, 1895.

1. **Constitution**: GENERAL AND SPECIAL LAWS. A statute which relates to persons or things as a class is a general law, while a statute which relates to persons or things *of* a class is a special one.

2. ——: ——. Statutes restricted in their application to one or more counties or cities with no provision for those subsequently attaining the requisite number of inhabitants to enjoy the benefits of the act are special laws.

3. ——: ——. A statute which in its practical application can apply only to persons or things of a class will be deemed a special law, however carefully its character may be concealed by the form of the language used.

VOL. 131 mo—1                                (1)

Dunne v. K. C. Cable R'y Co.

4. ———: ———: SELECTION OF JURORS. Act of the general assembly of April 1, 1891 (Laws, p. 172), providing a method for the selection of jurors in counties containing a city of a specified population, different from the general jury law, is not violative of the constitution, article 4, section 53, prohibiting the enactment of special laws regulating the affairs of counties or the summoning or impaneling of jurors, though when enacted it applied to but one county in the state and the basis of classification is the "last preceding national census," as it may apply to other counties when some future national census shows a sufficient population.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) The constitutionality of an act is to be determined by its operation and not by the mere form it may assume. *State ex rel. v. Hermann*, 75 Mo. 340. (2) Unless the act is prospective in its operation and embraces within its terms all cities which might in the future have such population it becomes local and special, and must be declared void. *State ex rel. v. Hermann, supra; State ex rel. v. County Court*, 89 Mo. 237. (3) The act is restricted to all cities which, according to the last preceding national census, have more than fifty thousand and less than three hundred thousand inhabitants; is a special law and unconstitutional. (4) The defendant was entitled to a jury selected in accordance with the provisions of the general law on the subject.

*J. W. Snyder* and *C. O. Tichenor* for respondent.

(1) No suggestion was made that any juror was unfit or incompetent. *State v. Wiley*, 109 Mo. 444. (2) This court has recently decided that the act of impaneling juries in criminal cases is simply directory, and.

as no objection was made to them, except that they were not selected in the mode pointed out, the judgment will not be disturbed on that account. *State v. Knight*, 61 Mo. 373; *State v. Sansone*, 116 Mo. 10; *State v. Miller*, 111 Mo. 552. (3) The jury law of April 1, 1891, is not a special law and for that reason unconstitutional. *State, etc., v. Tolle*, 71 Mo. 650; *Humes v. Railroad*, 82 Mo. 231; *Phillips v. Railroad*, 86 Mo. 540; *State ex rel. v. Pond*, 93 Mo. 622.

MACFARLANE, J.—This suit is for damages for personal injuries, and was tried in the circuit court of Jackson county. Before the jury was sworn, defendant's counsel filed a motion to quash the panel, for this, with other reasons:

"That said county court had no authority under the laws of the state of Missouri, to draw or select a panel of jurors for the trial of causes in this court, and the pretended authority under which said court acted contrary to the constitution of the state of Missouri, and the judge of this court had no authority, under said laws, to order a panel of jurors to be drawn or selected by said county court or the clerk thereof."

This motion was overruled and defendant excepted.

The case was tried by the challenged jury and resulted in a verdict and judgment in favor of plaintiff and defendant appealed.

The jury was selected under an act of the legislature providing for the selection of jurors in certain counties, which was approved April 1, 1891. (Laws 1891, p. 172.) Defendant insists that said act is unconstitutional and its motion to quash the panel should have been sustained. The record presents no other question.

The first and second sections of the act in question are as follows:

"Sec. 1.   In every county of this state now containing or which may hereafter contain a city having, according to the last preceding national census, more than fifty thousand inhabitants and less than three hundred thousand inhabitants, petit jurors for the circuit courts and for the court having jurisdiction of felony cases shall be selected as hereinafter provided.

"Sec. 2.   In every county in this state to which this act may apply, the county court of said county, at its first regular term after it is ascertained from the last preceding national census that said county contains a city of more than fifty thousand inhabitants and less than three hundred thousand inhabitants, shall cause to be made under its supervision, by the clerk of the county court of said county, a complete list as near as they can, alphabetically arranged, of all the qualified jurors in the county and their residences; and in compiling said list said county court may have access to the books of the county assessor and to any registration of voters required by law to be made."

The other sections provide in detail the qualifications of jurors and the manner in which they shall be selected.   The provisions differ materially from those of the general jury law.

The objection made to the law is, that it violates the provisions of section 53 of article 4 of the state constitution which prohibits the general assembly from passing any local or special law "regulating the affairs of counties, * * * regulating the practice * * * before courts * * *" or "summoning or impaneling grand or petit juries."

Since the adoption of the constitution containing these limitations upon legislative power this court has passed upon numerous laws to determine whether they fell within the legislation prohibited by this section of the constitution.   In these decisions the distinction

between general and special legislation has been very clearly drawn. The governing rule has been "that a statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special." *State ex rel. v. Tolle*, 71 Mo. 650; *State ex rel. v. Herrmann*, 75 Mo. 354; *Lynch v. Murphy*, 119 Mo. 163; *State ex rel. v. Marion County Court*, 128 Mo. 427.

Numerous statutes relating to cities and counties of a designated population have been upheld, though only one, or a very few cities, or counties, then in existence, fell within the class named. Such legislation is held not to be special for the reason that it applied to all of a class, not alone to those then existing which had the prescribed population, but to all such as might thereafter attain to it. *State ex rel. v. Miller*, 100 Mo. 439; *State ex rel. v. Bell*, 119 Mo. 70.

But statutes which were restricted in their application to one or more counties or cities, with no provision by which those subsequently attaining the specified number of inhabitants, might enjoy the benefits or powers conferred by the act, have been held to fall under the prohibition. *State ex rel. v. Herrmann, supra; State ex rel. v. Wofford*, 121 Mo. 68; *State ex rel. v. County Court*, 89 Mo. 237.

But mere form of legislation without regard to its operation will not suffice to relieve it of its special or local character. If in its practical operation it can only apply to particular persons or things of a class, then it will be a special or local law, however carefully its character may be concealed by form of words. *Murnane v. St. Louis*, 123 Mo. 491; *State ex rel. v. Herrmann, supra*.

There must also be some distinguishing peculiarity which gives rise to a necessity for the law as to the designated class. It is said by BLACK, J., speaking

for the entire court: "A mere classification for the purpose of legislation without regard to such *necessity* is simply special legislation of the most pernicious character and is condemned by the constitution. Mere differences which would serve for a basis of classification for some purposes, amount to nothing in a classification for legislative purposes, unless such differences are of a character as, in the nature of things to call for and demand separate laws and regulations." *State ex rel. v. Miller, supra, loc. cit.* 449.

If the classification is a proper one, the law will not be special or local, though at the time only one object falls within the class, provided the law has such a prospective application as to include all objects that may, in the future, become entitled to the benefits or powers conferred by the law.

There can be no doubt that the form of law, so far as it is made to apply to all counties possessing the requisite conditions, or to those that might thereafter attain them, is sufficient to bring it within the definition of a general law. The fact that at the time it was only applicable to the counties of Jackson and Buchanan does not change its character.

There also appears a reasonable necessity for the classification. The selection of juries under the general law, in counties containing large cities, is liable to much abuse. Complaint of the character of juries selected was common. The law was intended to correct this evil, and to do so the classification was deemed necessary.

But the chief objection urged against the law is that its general feature is destroyed by the provision that the population of the cities is to be determined by the "last preceding national census."

The legislature had power to prescribe the evidence by which the population of the cities of the state should

be determined. It was also entirely proper that it should do so; otherwise the fact would have to be determined by judicial investigation which might be insisted upon every time a jury was impaneled. Such proceeding would be wholly impracticable and would virtually suspend the function of the courts.

The law is prospective and intended to be operative through all future time. There is now, we believe, no general provision of the state law for taking an authentic enumeration of the inhabitants of counties and cities. It was important that some definite and trustworthy means should be provided for determining the fact which would make the law applicable to counties which might thereafter become entitled to its benefits.

The census is taken by the United States regularly every ten years. All the means are provided for having an enumeration of all counties, cities, and other subdivisions of the state taken accurately. More reliable evidence of the population of counties and cities could not be provided under existing laws than that afforded by the United States census.

But it is said that the law can not apply to all counties of the designated class for the reason that it does not include such counties as may become entitled to its benefits between one census and another.

The census does not determine the rights of the counties under this law, but merely furnishes the evidence upon which the law operates. The law confers the right. The counties are classified according to population as evidenced by the last national census. The law is made applicable to all counties of that class including all those hereafter coming into the class.

We can see no objection to a classification based upon census returns. Indeed the United States census is made the basis for state legislation, since the repeal

of the law providing for taking a state census. Section 967 declares: "All representation or other matters heretofore or now based on the state census shall be based on the United States census of this state." No reason can be seen why classification of counties and cities for legitimate legislation might not properly be based upon the same evidence. The courts take judicial notice of the facts appearing from the census returns. *State ex rel. v. Herrmann, supra.*

But the objection here urged, while in our opinion it does not affect the validity of the law, could be insisted upon with equal propriety against any evidence that may have been provided for determining the existence of the condition which would entitle a county to the benefits of the law. There must necessarily be in every case a period of more or less duration in which a county may in fact be entitled to the benefits of the law before they can enjoy them. That might be the case if a census was taken every sixty days. If the enumeration had been left to the local authorities it might be delayed even for a greater period than would be the case under the rule adopted. The law applies to counties, but is governed by the population of cities therein. When an enumeration would be taken might depend upon the favor accorded to the law by the city authorities. If it were an open question we can see no possible objection to the evidence required which could not be made with more or less force to any that could have been required. The census as a basis possesses the advantages of certainty in time and accuracy in manner, which are both difficult to secure when the work is committed to the local authorities of counties which are dominated by large cities.

We are of the opinion that the act does not come within the constitutional prohibition against special or local legislation. Judgment affirmed. All concur.