THE STATE *ex rel.* GARRETT, *Collector*, v. ARNOLD, *Appellant.*

### Division One, December 15, 1896.

1. **Taxation:** EXEMPTION: TOWN: SPECIAL CHARTER. A property owner in a town incorporated under a special charter which contains no provision for exempting property within its limits from taxation for general county road purposes, is not entitled to such exemption.

2. ——: ——. An exemption from taxation must be clear; it can not be created by implication.

3. ——: CONSTITUTION: SPECIAL LAW. Revised Statutes, 1889, section 7895, authorizing a higher rate of taxation for road improvements in all counties wherein the assessed valuation of property is $15,000,000 or over and there are more than one hundred· and fifty miles of macadamized and graveled roads, is not objectionable as being special, because when passed there existed only one county to which it was applicable.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Edward Hidden* for appellant.

(1) Kirkwood is an incorporated town, incorporated under a special charter, under which it necessarily levies an annual tax for road purposes, and Revised Statutes, Missouri, 1889, section 1674, provides that "such towns," i. e., towns which are incorporated and levy a tax to maintain roads and streets within their limits (see 90 Mo. 166), shall be exempt from taxes for outside roads. Kirkwood Incorporation, Laws of Mo. 1864–'65, pages 415 to 419, and Laws of Mo. 1869, pages 124 to 127; R. S. Mo. 1889, sec. 1674; *State ex rel. v. Railroad*, 90 Mo. 166; *Walker v. Point Pleasant*, 49 Mo. App. 244. (2) The word, "town" includes both "town" and "village." R. S. Mo. 1889, sec. 6570. (3) Section 1674, Revised Statutes, 1889, comes to us word for word from the Revised Statutes of Missouri of 1855, where it applies to all incorporated towns. R. S. Mo. 1855, chap. 157, art. 1, sec. 9. (4) Kirkwood property is also exempt from county road taxes, because section 8553 of Revised Statutes, 1889, applies to every county in the state of Missouri. (5) Article 4, of chapter 140, Revised Statutes, 1889, is unconstitutional and void: *First*. Because it is special legislation as applying to St. Louis county only; and as applying not to any county in which there are, or shall be, cer-

tain special roads and assessments, but only to such counties in which there now are these special conditions. *Second.* Because the incident of having one hundred and fifty miles of two special kinds of roads (selecting gravel and macadam to the exclusion of, say granite, brick, or asphalt) has no necessary or probable connection with determining a system of working and repairing roads. It is a purely artificial subdivision of counties. Also article 4, of chapter 140, Revised Statutes, 1889 (passed in the year 1881), is repealed by the road laws of 1887 (Mo. laws of 1887, p. 245).

*R. Lee Mudd* for respondent.

(1) Real estate in the city of Kirkwood is not exempt from county road taxes, even under the general road law. Real estate, under any circumstances in cities, is exempt only in those cities the corporate laws of which exempt such property from such road tax; and the corporate laws of Kirkwood do not exempt its real estate from the payment of road taxes to be expended on public county roads in the county of St. Louis. See Missouri Statutes of 1889, section 7814; Kirkwood Incorporation, Laws of Missouri of 1864, pages 415 to 419, inclusive, and Laws of Missouri of 1869, pages 124 to 127, inclusive. (2) This exemption from general taxes to repair regular county roads will not arise by mere "implication." *State v. Railroad*, 75 Mo. 208; *Scotland Co. v. Railroad*, 65 Mo. 123. (3) The general law of 1887, found partly in said section 7814, applies to St. Louis county only in the manner of establishing public roads, or in changing or vacating them. Statutes of Missouri, 1889, sec. 7903. (4) The county of St. Louis, being admittedly one wherein the assessed valuation exceeds $15,000,000 and of more than one hundred and fifty miles of macadamized roads, is governed by a

special law antedating the laws of 1887. This special act governs all matters appertaining to the working and repairing of that county's roads. See Statutes of 1889, section 7895.

MACFARLANE, J.—This is a statutory action to collect delinquent taxes upon certain real estate in the town of Kirkwood in St. Louis county.

Defendant tendered, and paid into court, all the taxes except that levied for road purposes. He defends against this tax on the ground that the property within the limits of the town of Kirkwood is exempt from taxation for general county road purposes.

The town of Kirkwood is incorporated under a special charter which makes no provision for exempting the property within its territory, from taxation for such purpose. Acts 1864, p. 415; Acts of 1869, p. 124. The general law relating to villages, it is true, exempts property within the corporate limits of "such towns" from taxation for county road purposes. Section 1674, R. S. 1889. By the designation, "such towns," is clearly meant the villages incorporated under article 6, chapter 30, of the general law, of which said section is a part. *State ex rel. v. Railroad*, 90 Mo. 166, sec. 6570, subdiv. 12.

But it is said that such exemption is found under section 8553.

That section provides:

"Where any city or town has or may become incorporated under a special charter, or under a general law authorizing cities to become incorporate, no requisition, in labor or in money, from the citizens thereof, or property within said corporation, shall be required to improve roads in the country different from the grant in the charter, but they shall be required to work and pay a tax to improve the streets and roads, and such

improvements as shall be specified in their charter, or within the limits of the incorporation, so long as the charter or corporation shall remain in full force."

That section is found under the chapter concerning township organization and refers to cities and towns located in counties which have adopted such plan of government. It was only intended, as far as could be done, to conform the law in cities located in counties under township organization to the general law, in respect to the obligation of citizens and taxpayers to contribute to the expense and labor necessary to keep up and improve the public roads and streets.

But, assuming that the section has general application to all cities and towns in the state, it only purports to exempt them from paying county road taxes when their charters, or the general law by which they are governed, exempts them.

This is made clear by section 7814 of the general road law. This section, after requiring county courts to levy a tax for road purposes on all property taxable by law, provides, that "no road-tax or labor shall be levied on the property or the inhabitants of any city, town or village, the corporate laws of which exempt such persons and property from such road-tax."

An exemption from taxation must be clear and unambiguous and should not be created by implication. *Scotland Co. v. Railroad*, 65 Mo. 134.

Defendant next insists that article 4 of chapter 140 is obnoxious to the constitutional provision which forbids special legislation. This objection goes to the rate of the levy rather than to the power to levy, as heretofore discussed.

The article provides for working roads in certain counties. It permits a higher rate for road taxes than is allowed by the law applicable to most counties in the state. The article is made to apply to "all counties

wherein the assessed valuation of property is fifteen million dollars or more, and wherein there are more than one hundred and fifty miles of macadamized and graveled roads." R. S. 1889, sec. 7895.

It is said that this is a special law for the reasons that the county of St. Louis is, and at its passage was, the only county in the state to which it can apply. That may be true as a fact, though it does not so appear from the record, but admitting it to be so the law is not necessarily special for that reason. Counties having one hundred and fifty miles of macadamized roads would require, to keep them in repair, a greater proportion of the revenue, than is required in counties generally. The classification, therefore, for legislative purposes, is a proper one. The law relates to every existing county of the designated class and to every county that may, in the future, come into the class. It has a prospective operation. Under these tests the article must be held to be a general law and not obnoxious to section 53, article 4 of the state constitution. *State ex rel. v. Miller*, 100 Mo. 439; *State ex rel. v. Wofford*, 121 Mo. 69; *Dunne v. Railroad*, 131 Mo. 4; *State ex rel. v. County Court*, 128 Mo. 435. The judgment is affirmed. All concur.