THE CITY OF HANNIBAL, *Appellant* v. THE COUNTY OF MARION.

1. **Title of Statute :** CONSTITUTIONAL LAW : HANNIBAL CITY CHARTER. Under the title "An act to consolidate into one act the various acts in relation to the charter of the city of Hannibal" any legislation relating to the city of Hannibal may be enacted without violating ¿ 32 of article 4 of the constitution. That section prohibits the enactment of any law relating to more than one subject and requires the subject to be expressed in the title. The insertion in an act entitled as above, of a requirement that the county in which the city is situated, in a certain contingency shall pay to the city a certain portion of the taxes collected for county purposes, does not render the act obnoxious to this provision of the constitution.

2. **Hannibal City Charter:** MAINTENANCE OF STREETS, ROADS, BRIDGES AND PAUPERS : PARTITION OF COUNTY REVENUE : CONSTITUTIONAL LAW. The charter of the city of Hannibal imposed upon the city exclusively the duty of making and maintaining the streets, roads and bridges within its own limits, and of maintaining and supporting its own poor. (Acts 1873 p. 254, article 8, ¿ 1.) With a view of exempting the citizens of Hannibal from the payment of a county tax to be used for the like purposes in the county of Marion outside the limits of the city, the act further provided that whenever the county court should expend any money on roads or bridges or paupers outside the limits of the city, the county should pay over to the city a sum which should bear the same proportion to the amount so expended as the assessed value of the property in the city should bear to that of the property in the remainder of the county. *Held*, on the authority of *Hamilton v. St. Louis Co. Ct.*, 15 Mo. 5, and the *State ex rel. the Police Commissioners v. St. Louis Co. Ct.*, 34 Mo. 546, that the legislature had the power to direct the county revenue to be disbursed in this manner.

*Appeal from Marion Circuit Court.*—HON. JOHN T. REDD, Judge.

This was an action brought by the city of Hannibal to recover of the county of Marion a share of the county taxes. The city is situate in the county of Marion. Her claim was based on the statute set out in the opinion.

*Thos. H. Bacon* and *Geo. A. Mahan*, city attorney, for appellant.

1. The section of the charter in controversy does not conflict with § 32 article 4 of the constitution of 1865 (Wag. Stat. p. 49). *St. Louis v. Tiefel,* 42 Mo. 578; *State v. Mathews,* 44 Mo. 523; *State v. Miller,* 45 Mo. 495; *State v. Bank,* 45 Mo. 528. The title to the law expresses its subject. *Commonwealth v. Green,* 58 Penn. St. 226; *Dorsey's Appeal,* 72 Penn. St. 192, p. 194; *Blood v. Mercelliot,* 53 Pa. St. 391, p. 393; *People v. Mahaney,* 13 Mich. 481; *People v. State,* 19 Mich. 392; *Harrington v. Wands,* 23 Mich. 385; *Swartwout v. Michigan,* 24 Mich. 389; *Taylor v. Taylor,* 10 Minn. 107; *Board, &c. v. Heenan,* 2 Minn. 336; *Thomason v. State,* 15 Ind. 455; *People v. McCallum,* 1 Neb. 182, p. 194; *Smith v. Commonwealth,* 8 Bush (Ky.) 108; *O'Bannon v. Louisville,* 8 Bush (Ky.) 348, p. 352; *Chiles v. Drake,* 2 Met. (Ky.) 150; Cooley Const. Lim., (3 Ed.) 141 to 150; *Gabbert v. Railroad Co.,* 11 Ind. 365; *Guilford v. Cornell,* 18 Barb. 640; *Brandon v. State,* 16 Ind. 197; *State v. Bowers,* 14 Ind. 198; *Morford v. Unger,* 8 Iowa 82; *St. Louis v. Alexander,* 23 Mo. 483.

2. The General Assembly had the power to enact this section. *Conner v. Bent,* 1 Mo. 235; *Hamilton v. St. Louis,* 15 Mo. 3; *State v. St. Louis, &c.,* 34 Mo. 546; *Barton Co. v. Walser,* 47 Mo. 203; *State v. Cape Girardeau, &c.,* 48 Mo. 468; *Stewart v. Griffith,* 33 Mo. 13; *Mansker v. State,* 1 Mo. 452; *Ensworth v. Albin,* 46 Mo. 450; *Cass Co. v. Jack,* 49 Mo. 196; *State v. Ledford,* 3 Mo. 108; *Test Oath Cases,* 41 Mo. 339; *North Missouri R. R. v. Maguire,* 49 Mo. 490; *St. Louis Co. v. Griswold,* 58 Mo. 175; *Stewart v. Board, &c.,* 30 Iowa p. 18; *Walker v. Cincinnati,* 21 Ohio St. 41; *Weber v. Reinhard,* 73 Pa. St. 370; Cooley Const. Lim., 167, 169, 171.

*Anderson & Boulware* for respondent.

1. The charter violates section 32, article 4 of the

constitution. *State ex rel. Hixon v. Lafayette Co. Ct.*, 41 Mo. 39 ; *St. Louis v. Tiefel*, 42 Mo. 578 ; *State v. Mathews*, 44 Mo. 524 ; *State v. Miller*, 45 Mo. 495 ; *Bright v. McCullough*, 27 Ind. 223 ; *People v. Commissioners*, 53 Barb. 70 ; *Smith v. New York*, 7 Rob. (N. Y.) 190 ; *Cutlip v. Calhoun Co.*, 3 W. Va. 588 ; *Winona, &c., R. R. Co. v. Waldron*, 11 Minn. 515 ; *Grubbs v. State*, 24 Ind. 295 ; *Chiles v. Monroe*, 4 Met. (Ky.) 72 ; *Lauer v. State*, 22 Ind. 461 ; *O'Leary v. Cook Co.*, 28 Ill. 535 ; *Mewherter v. Price*, 11 Ind. 199 ; Cooley on Const. Lim., 141.

2. It violates section 27, article 4, which prohibits the Legislature from passing any special act exempting the property of any named person or corporation from taxation, also section 16, article 11, which prohibits the exemption of any private property from taxation ; also section 30, article 1, which requires all property to be taxed in proportion to its value. *People v. Township Board*, 20 Mich. 452 ; *s. c.*, 9 Am. Law Reg. (N. S.) 488 ; *Sharpless v. Mayor*, 21 Pa. St. 168 ; *Grim v. Weissenberg School Dist.*, 57 Pa. St. 433 ; *Brodhead v. Milwaukee*, 19 Wis. 652 ; *Weeks v. Milwaukee*, 10 Wis. 258 ; *Ryerson v. Uttley*, 16 Mich. 269 ; *Merrick v. Amherst*, 12 Allen 504 ; *Wells v. Weston*, 22 Mo. 385 ; *Covington v. Southgate*, 15 B. Mon. 491 ; *Morford v. Unger*, 8 Iowa 82 ; *Brewer Brick Co. v. Inhabitants of Brewer*, 62 Me. 62 ; *s. c.*, 13 Am. Law Reg. (N. S.) 735 ; *Garrard Co. v. Navigation Co.*, 8 Bush 300 ; *s. c.*, 10 Am. Law Reg. 151 ; *Life Association v. Board of Assessors*, 49 Mo. 520 ; *Zanesville v. Richards*, 5 Ohio St. 589.

3. In addition to exempting the citizens of Hannibal from county taxation, this section requires the county revenue to be paid over to the city. This the Legislature had no power to direct. *Terrett v. Taylor*, 9 Cranch 52 ; 2 Kent Comm., 305 ; *Dartmouth College case*, 4 Wheat. 663 ; *Life Association v. Board of Assessors*, 49 Mo. 520 ; *Von Hoffman v. Quincy*, 4 Wall. 535 ; *Wells v. City of Weston*, 22 Mo. 384 ; *Boggs v. Caldwell Co.*, 28 Mo. 590 ; *St. Charles v. Nolle*, 51 Mo. 124 ; *State ex rel. Chouteau v. Leffingwell*, 54

Mo. 473 ; *Baltimore v. Horn*, 26 Md. 194 ; *Baltimore v. Porter*, 18 Md. 284 ; *People v. Chicago*, 51 Ill. 36.

NAPTON, J.—The only question in this case is the validity of a section of an act of the legislature passed March 8th, 1873. The title of the act is as follows : " An act to consolidate into one act the various acts in relation to the charter of the city of Hannibal." The section disputed is as follows : " Article 8 section 1. The city of Hannibal shall, at its own proper expense, make, maintain and keep in repair all streets, roads and bridges, within the limits of the city, and provide for the maintenance and support of its own poor, and, in consideration thereof, the citizens of Hannibal shall be exempt from all county tax for the support of the poor, or for the construction or maintenance of any roads or bridges in any part of Marion county outside of the limits of said city, or for paying for any right of way for the same; and if the county court of Marion county shall make any expenditure for the support of the poor, or for the construction, maintenance or repairs of any road or bridge, or right of way for the same, in any part of said county, outside of the limits of said city, and pay for the same out of the county funds, said county shall pay the treasurer of the city of Hannibal, for the use of said city, a sum of money which shall bear the same proportion to the amount so expended as the assessed value of all the property subject to county taxation in the city of Hannibal shall bear to the assessed value of similar property in the remainder of the city." It is conceded that the word " city " in the last clause is a misprint and should be " county."

The objections to this section are two-fold. The first is, that it violates section 32 of article 2 of the constitution of 1865, which declares that " no law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title ; but if any subject embraced in the act be not expressed in the title, such act shall

be void only as to so much thereof as is not so expressed." The second objection is that the legislature had no power to make such provision, that it conflicts with section 27 article 4, of said constitution, and with section 16 article 11, and with section 30 article 1, and section 16 article 1.

The provision in the constitution of 1865, and substantially repeated in that of 1875, in regard to the title of laws, and the necessity of confining them to a single subject, has given occasion to a great many controversies and adjudications thereon in this court. The cases are referred to by the counsel in this case, and I do not propose to review them. It seems to be their tenor in general to give this clause a liberal construction, without adhering very closely to the letter. Its object, as has been repeatedly observed, was manifestly to prevent and prohibit fraudulent legislation, or, in other words, the enactment of provisions to which no attention was given by reason of their not being in reference to *the subject* indicated by the title. It was not the purpose, however, to require that the title of an act should refer literally to all the details which the general subject would suggest.

1. TITLE OF STATUTE: constitutional law: Hannibal city charter.

The object of the act of 1873 was manifestly to put in a single law all acts which the legislature, at the time it was enacted, intended should constitute the charter of the city of Hannibal. Nothing could certainly be inserted in such an act, which had no reference to the city of Hannibal; but it could not be understood that the legislature were bound to put in it acts relating to the city, which they might think it inexpedient to re-enact, or to abstain from inserting new provisions which they might think expedient. It was not a mere compilation that was proposed or suggested by the title of the bill in question, but a new charter for the city, embracing every old enactment thought expedient to be continued, omitting such portions as were thought inexpedient, and adding such changes as were desired, all, however, relating to the same subject matter.

That the title might have expressed these purposes more specifically must be conceded, but we are not satisfied that the bungling character of the title was designed to conceal the purpose of the law, and, following the liberal construction heretofore given to this constitutional restriction, we decline to annul the law on this ground.

The principal objection to this enactment is a more serious one. The meaning of the law seems to be simply this: The city of Hannibal, at its own expense, is to provide money to keep up roads, bridges, etc., within its limits, and support its own poor, and to be exempted from taxation to keep up roads and bridges outside of its limits, and to be exempted from the support of the poor in the county outside of its limits. To effect this, as the city had to pay the general county tax, part of which was for these purposes, and there was no special poor tax or special bridge tax, the law declared, that the county should pay over to the city all the revenue derived from general taxation which was not applied to these objects outside of the city limits. To ascertain the sum due the city on this theory, the county was required to pay to the treasurer of the city a sum which should bear the same proportion to the amount expended by the county as the assessed value of all property subject to county taxation in the city should bear to the assessed value of similar property in the remainder of the county. In other words, that the county should pay back to the city, out of the general revenue, the sum collected from the city for bridge tax and poor tax. The object and effect of this law was, to provide for the disbursement of taxes already assessed, levied and collected; and this disbursement was designed to return to the city of Hannibal the taxes collected from its citizens for bridges, roads and the support of the poor, in the county outside of the city, the burthen of supporting their own poor and building their own bridges having been already imposed on the city. Whether such a law operated

*2. HANNIBAL CITY CHARTER: maintenance of streets, roads, bridges and paupers: partition of county revenue: constitutional law.*

justly or unjustly is not a matter for judicial determination, as this court held in *Hamilton v. St. Louis County Court*, 15 Mo. 5, and *State ex rel. Police Com. v. County Court of St. Louis County*, 34 Mo. 546. Nor does the case of *Wells v. City of Weston*, 22 Mo. 384, conflict with these decisions. In that case the question was as to the power of the legislature to authorize taxation for local purposes of lands lying outside of the municipality which levied the tax. Here, the question is as to the power of the legislature to direct a disbursement of taxes collected; and an examination of the two cases referred to in the 15th and 34th volumes of our reports seems to render any additional investigation into this question superfluous. It was held in both these cases, that the legislature had full power to direct what should be done with the taxes levied and collected from any county. We see no injustice in the provision now under consideration, but that is not a matter for our consideration. It is simply a question of power, and as all the constitutional provisions now relied on were examined and discussed in the two cases above referred to and declared to be inapplicable, we consider the question of power as settled. The judgment will therefore be reversed and the cause remanded. The other judges concur, except Judge NORTON.

REVERSED.