THE STATE *ex rel.* TOWN OF KIRKWOOD V. COUNTY COURT OF ST. LOUIS COUNTY.

In Banc, February 16, 1898.

**Unconstitutional Statute:** TAXATION: TRANSFER OF COUNTY TAXES TO CITY FOR STREET PURPOSES: ACT OF MARCH 15, 1897. When county taxes are collected and the money is paid into the county treasury, it becomes public money, and the act of the legislature which authorizes the appropriation of any part of it by the county court to be expended upon the streets of incorporated cities, in which the county has no concern or control, is a gift or grant within the meaning of the Constitution (art. IV, sec. 46) which prohibits the General Assembly from making any grant or authorizing the making of any grant of public money "to any individual, association of individuals, municipal or other corporation whatsoever." (Distinguishing *State ex rel. v. Seibert*, 123 Mo. 424, and *City of Hannibal v. County of Marion*, 69 Mo. 571.) Therefore, the act of March 15, 1897, Laws of 1897, pp. 218, 219, adding section 7903a to Revised Statutes 1889, authorizing county courts to pay out of the road and bridge fund, to city treasurers of incorporated towns wherein money shall be collected for county taxes, "75 per cent of an amount bearing such proportion to the entire amount of the year's taxes so collected within such cities as the amount in that year appropriated for road and bridge purposes shall bear to the total county tax for that year," is *held* unconstitutional and void.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*O. J. Mudd* for relator.

(1) The relator contends that under the facts in the premises it was the duty of the county court to draw a warrant as applied for. Section 7903a, Revised Statutes, enacted by the legislature March 15, 1897 (see Sess. Acts 1897, p. 218). It is the purpose of the law of the State of Missouri governing the improvement and repair of roads and highways, that incorporated

cities and towns should be compelled to take care of their own highways and be relieved from the burden of contributing to all highways beyond their limits. R. S. 1889, sec. 7806, 7814, 8553. Commenting on the first two of these sections, this court, in *State ex rel. v. Railroad*, 90 Mo. 166, says: "The evident intent of the above sections was to make the property of incorporated towns liable for the improvement of streets and alleys within their limits, and because charged with that burden, to exempt such property from taxation to keep in repair highways beyond the limits of said town." But by the enactment in 1881 of article IV of chapter 140 a new scheme was adopted for the making of roads and highways in certain counties of which St. Louis county is one. Yet by article IV no provision is made for incorporated cities and towns within such class of counties. To meet this defect and put such incorporated towns in this class of counties on equal footing with similar municipalities throughout the State, the legislature enacted section 7903a, *supra*. But it is contended by the respondent that said act of the legislature is unconstitutional. In answer to this we say acts of the legislature duly passed and published are presumed to be law. The constitutionality of such act is presumed until its unconstitutionality is made to appear clearly and beyond doubt. *Phillips v. Railroad*, 86 Mo. 540; *Ewing v. Hoblitzelle*, 85 Mo. 64. (2) Article IV, section 46 of the Constitution, is as follows: "The General Assembly shall have no power to make any grant, or to authorize the making of any grant of public money or thing of value to any individual, association of individuals, municipal or other corporation whatsoever: Provided, that this shall not be so construed as to prevent the grant of aid in a case of public calamity." The act is not in conflict with this provision of Constitution. *State ex rel. v. Co. Ct. of Marion County*,

128 Mo. 427; *State ex rel. v. Seibert*, 123 Mo. 124; *State ex rel. v. Springer*, 134 Mo. 224; *Kansas City v. Vineyard*, 128 Mo. 81; *State ex rel. v. Co. Ct. of St. Louis Co.*, 34 Mo. 567; *City of Hannibal v. Marion Co.*, 69 Mo. 571; *In re Apportionment of Taxes*, 78 Mo. 596; *State ex rel. v. Holladay*, 70 Mo. 137; *State ex rel. v. Chouteau*, 54 Mo. 472; Dillon, Mun. Corp., p. 125, sec. 74.

*F. A. Heidorn, Zach J. Mitchell* and *John W. McElhinney* for respondent.

(1) In *mandamus* the common law rule applies that a demurrer runs throughout the whole record and reaches back to the first defective pleading. Bliss on Code Pleading [3 Ed.], 417a; Merrill on Mandamus, secs. 269 and 292, pp. 335 and 355; *State ex rel. v. Lafayette Co. Ct.*, 41 Mo. 550. (2) The act of March 15, 1897, is in violation of section 46 of article IV of the Constitution of Missouri. See in connection therewith, sections 45 and 47. (3) A tax for county road purposes, when levied and collected, is "public money," within the meaning of this section of the Constitution. A county is a political subdivision of the State for local governmental purposes. On the other hand, a city or town, in its corporate capacity, is proprietary or private in its character. County roads and bridges are matters of general or public concern, while city streets, sidewalks and alleys have a local and peculiar or corporate character. 1 Dillion, Mun. Corp. [4 Ed.], sec. 66 (39), *Id.*, sec. 74, note 1; Elliott, Roads and Streets, pp. 15, 16, 307, 308, 312–315; 26 Am. Law Review, pp. 528, 531–533; Art. by Frank J. Goodnow on "The Legislature and the Streets;" *Jefferson Co. v. St. Louis Co.*, 113 Mo. 625; *Clark v. Adair Co.*, 79 Mo. 536. (4) Counties are treated as territorial subdivisions of the

State and are only *quasi* corporations, created by the legislature for certain public purposes. They are not responsible for neglect of duty of their officers in the care of roads. *Reardon v. St. Louis Co.*, 36 Mo. 555; *Clark v. Adair Co.*, 79 Mo. 536; *Swineford v. Franklin Co.*, 101 Mo. 279; *Pundman v. St. Charles Co.*, 110 Mo. 596; *Jefferson Co. v. St. Louis*, 113 Mo. 619; *Reed v. Howell Co.*, 125 Mo. 69. (5) On the other hand, a city or town, authorized or required by its charter to maintain streets and sidewalks, is held to have assumed the duty to keep the same in repair and free from obstructions. *Tritz v. Kansas City*, 84 Mo. 632; *Walker v. Kansas City*, 99 Mo. 647; *Roe v. Kansas City*, 100 Mo. 190; *Goins v. The City of Moberly*, 127 Mo. 116; *Meiners v. St. Louis*, 130 Mo. 285.

BURGESS, J.—This is an original proceeding by *mandamus* to compel the county court of St. Louis county to draw a warrant on the road and bridge fund of said county, payable to the treasurer of the town of Kirkwood in said county, for the sum of $218.37, being seventy-five per cent of forty-five per cent of the amount alleged to have been collected by said county during the year 1897, and since the fifteenth day of March of that year, and the twenty-seventh day of September, 1897, as county taxes by the collector of St. Louis county upon property lying within the corporate limits of the town of Kirkwood, as follows: For the year 1897, $12.23; for the year 1897, $634.81.

Relator bases its right to a peremptory writ of *mandamus* upon an act of the General Assembly of the State of Missouri entitled: "An act to amend article four of chapter one hundred and forty of the Revised Statutes of Missouri of 1889, by adding thereto a new section, to be known as section 7903a, providing for the disposition of moneys collected as road taxes on

real and personal property within the limits of incorporated cities, towns and villages." Approved March 15, 1897. Laws of Missouri 1897, pp. 218, 219. It reads as follows:

"SECTION 1.   That article four of chapter one hundred and forty of the Revised Statutes of Missouri of 1889 be and the same is hereby amended by adding thereto a new section, to be known as section 7903a, as follows:

"SECTION 7903a.   In all counties subject to the provisions of this article wherein there are or may be incorporated cities, towns or villages, and wherein money shall be collected as county taxes upon property within the limits of any such city, town or village, the county court of such county shall, as such taxes are collected and as the board of aldermen, city council, trustees or other proper authorities of such incorporated city, town or village shall make application to said court therefor, draw warrants upon the county treasurer, payable out of the road and bridge fund, to the treasurer of such city, town or village, for seventy-five per cent of an amount bearing such proportion to the entire amount of the year's taxes so collected upon said property as the amount in that year appropriated for road and bridge purposes shall bear to the total county tax for that year; and all such sums so paid out shall be expended upon the roads, streets and public highways of such cities, towns and villages by the proper corporate authorities thereof.

"SECTION 2.   The fact that the Supreme Court has declared unconstitutional the act to amend section 8553 of the Revised Statutes of 1889, approved April 1st, 1893, thus leaving no provision of law for refunding to incorporated cities, towns and villages, the taxes collected on property therein for road and bridge purposes creates an emergency within the meaning of

the Constitution; and therefore, this act shall take effect and be in force from and after its passage.''

It is alleged in the alternative writ and admitted in respondent's return thereto that the county of St. Louis is subject to the provisions of article IV, chapter 140, Revised Statutes of 1889; that the relator is an incorporated town, incorporated by special act of the legislature, and is within the county of St. Louis; that the amount of taxes collected upon property within the town of Kirkwood during the time stated was as herein before stated; that the application of the town of Kirkwood in proper form was made to the county court for a warrant on the treasury of the county, payable to the town of Kirkwood for a proportion of the road taxes collected on such property, as provided by law; and that the county court at the May term, 1897, by its proper order of record for that purpose, subdividing a proportion of the county revenue, set apart and designated forty-five per cent of the total revenues for the year 1897, as the road and bridge fund of said county.

The return then proceeds as follows:

"And for further return and for cause why said county court should not proceed to further hear said application of the town of Kirkwood or to take any proofs or draw any warrant upon the same, in accordance with the mandate of said alternative writ, the respondent, the said county court, and its said judges state:    That said town of Kirkwood is and at all times since its incorporation has been a municipal corporation of the State of Missouri; that said taxes collected as aforesaid were assessed, levied and collected as county revenues of the said county of St. Louis, and as such became and are a part of the public moneys of said county of St. Louis and of the State of Missouri; that the assessments for said taxes of 1896 and 1897

were made in the months of June, 1895 and 1896, respectively, and said taxes of 1896 were levied by the said county court and became due and payable in the year 1896, all prior to the passage of said alleged act of the legislature of March 15, 1897, designated as section 7903a; and that prior to the passage of said act the said taxes, although not yet collected, became and were vested in the said county of St. Louis as a part of the revenues and public moneys of said county and of the State of Missouri; and as the respondent, the said county court, and the said judges thereof, have been and are advised and verily believe the said county court has not, and has not at any time had, by law, any authority to grant or transfer or pay the said taxes when collected or any part of the same to the said town of Kirkwood or to any officer thereof, and it was not intended by the said alleged act of the legislature, approved March 15, 1897, to require the said county court to pay the said taxes for the years 1896 and 1897 to the treasurer of said town of Kirkwood, or to draw any warrant in his favor therefor; and so far as it was intended (if at all intended) by said act to require said county court to pay said taxes or any taxes levied and collected as county taxes to said town treasurer or to draw any warrant therefor in his favor, the said act of March 15, 1897, was and is in violation of the Constitution of the State of Missouri.

"And they further state that since the passage of said amendatory act of the special charter of said town of Kirkwood, special authority has been given to said town, and it has been and is made the duty of said town and its board of trustees, in and by the provisions of said amendatory act, to regulate, grade, pave and improve the streets in said town, and to raise the revenues for that purpose in the manner designated and provided in said amendatory act; and that

as said respondent, the said county court, and the said judges thereof, have been and are advised and verily believe the said county court has not, and has not at any time had, any authority to assess or collect in said town or upon or from the property or inhabitants thereof any taxes or revenues for the purposes of said town, or to be expended upon the roads, streets or highways of said town; and it was and is not intended by said alleged act of the legislature, approved March 15, 1897, to require said county court to levy or collect any taxes in said town of Kirkwood upon or from the property or inhabitants thereof for said purposes or to be so expended upon roads, streets or highways, or to pay any taxes so levied or collected over to the treasurer of said town of Kirkwood to be so expended by him; and so far as it was intended (if at all intended) by said alleged act, approved March 15, 1897, to require said county court to levy or collect taxes in said town of Kirkwood, or from or upon the inhabitants of property therein, for the purpose of expending the same upon the roads, streets or highways of said town or to pay the same to the town treasurer of said town to be so expended, the said act was and is in violation of the Constitution of the State of Missouri."

Relator insists that a peremptory writ should go, notwithstanding the return.

The vital question involved in this litigation is with respect to the constitutionality of the act of the legislature under which the right to the peremptory writ of *mandamus* is claimed by relator.

It is contended by respondent that the act is unconstitutional, and in violation of section 46, article IV, of the Constitution of Missouri, which prohibits the General Assembly from making any grant or from authorizing the making of any grant of public money or thing of value "to any individual, association of in--

dividuals, municipal or other corporation whatsoever.''
If the act in question can be sustained it must be upon
the ground that the appropriation of the money col-
lected as county taxes upon property within the town
of Kirkwood for the purpose of improving and keeping
in repair its streets, was not a gift or grant, but was
simply applying it to the purposes in part for which
the taxes were assessed and collected; otherwise the
act in granting the money thus derived, to be paid out
and expended upon the roads, streets and public high-
ways of cities, towns and villages, is in conflict with
the provision of the Constitution quoted.

By the charter of the town of Kirkwood, Acts of
the General Assembly 1864 and 1865, p. 415, and Acts
of 1869, p. 124, the duty is imposed upon the town of
keeping its streets in repair, and in case injury be sus-
tained by any person by reason of its failure to do so,
without fault upon his part, the town will be held to
respond in damages. *Tritz v. Kansas City*, 84 Mo.
632; *Walker v. Kansas City*, 99 Mo. 647; *Roe v. Kan-
sas City*, 100 Mo. 190; *Goins v. City of Moberly*, 127
Mo. 116; *Meiners v. St. Louis*, 130 Mo. 274.

It is not so with respect to counties, which are
held to be territorial subdivisions of the State, and
*quasi* corporations only, and not responsible for injuries
sustained by persons because of defects in their high-
ways. *Reardon v. St. Louis Co.*, 36 Mo. 555; *Clark v.
Adair Co.*, 79 Mo. 536; *Swineford v. Franklin Co.*, 73
Mo. 279; *Pundman v. St. Charles Co.*, 110 Mo. 594.

By section 7663, Revised Statutes 1889, it is made
the duty of the county court of each county, at the
May term every year, to appropriate and subdivide all
the revenues collected and to be collected for the pur-
pose named in that section, among which is the duty
to appropriate "a sum sufficient for the payment of
all necessary expenses for the building of bridges and

repairing of roads, including the pay of road overseers of such county."

This fund can only be applied to the building and repairing of roads in the counties, outside of incorporated cities, towns and villages, for the obvious reason that such cities, towns and villages are required by law to maintain their streets, and the counties have no control whatever over them. And to enable such cities, towns and villages to keep up their streets they have the power to levy and collect taxes, and to appropriate moneys for that purpose. In all of their municipal and governmental affairs they act independently of the counties in which they are located. So with respect to the counties, they have control through their proper officers of the road fund set apart for building and repairing roads. While by the act in question it is made the duty of the proper corporate authorities of cities, towns and villages to expend upon their roads, streets and public highways, the moneys obtained by them from the county court under the provisions of the act, no condition is imposed in the first place to their right to the money. They are entitled to it, if at all, absolutely and unconditionally. When the county taxes are collected and the money is paid in to the county treasury, it becomes public money, and the act of the legislature which authorizes the appropriation of any part of it to be expended upon the roads, streets and public highways of incorporated cities, towns and villages, in which counties have no concern or control, is a gift or grant within the meaning of that provision of the Constitution quoted, to such city, town or village.

The *State ex rel. v. Seibert*, 123 Mo. 424, does not announce a contrary rule. In that case the legislature, by an act approved April 1, 1893, provided that there should be paid by the State auditor out of the general revenues of the State on the application of the city of

St. Louis the sum of $50,000 annually toward the support of the insane asylum of that city. The payment was resisted upon the ground that the act was in conflict with that clause of the Constitution quoted. But it was held by a divided court that an appropriation for the support of the indigent insane in the insane asylum of the city of St. Louis, who belong to the State outside of the city, was not unconstitutional, though such insane asylum is a private institution of such city, and is not one of the State eleemosynary institutions. That cause we do not think necessarily in conflict with what has been said in the case in hand. It turned principally upon the duty of the State to take care of its indigent insane, whether they be in its public institutions or in private asylums. In this case the act of the legislature authorizes the appropriation of a part of the public moneys of the counties, to an entirely different purpose from that for which the fund was required to be set apart and for purposes of improving roads and streets over which the county court has no control.

The case of the *City of Hannibal v. The County of Marion,* 69 Mo. 571, was an action brought by the city of Hannibal against the county of Marion in which the city is situated, to recover from the county taxes collected from the citizens of Hannibal for bridges, roads, and the support of the poor in the county outside of the city, the burden of supporting their own poor and building their own bridges, having been already imposed on the city, and it was held that the legislature had full power to direct what should be done with the taxes levied and collected from any county. But the act of the legislature passed upon in that case was not considered with respect to section 46, article IV of the Constitution, *supra,* and can not be considered as controlling authority in the case in hand.

Our conclusion is that the act of the legislature in question is in conflict with the Constitution of this State and void.

The conclusion reached renders it unnecessary to pass upon other points raised by counsel in their briefs.

From what has been said it follows that the peremptory writ should be denied.

GANTT, C. J., SHERWOOD, BRACE and ROBINSON, JJ., concur. WILLIAMS, J., not sitting.