THE STATE OF MISSOURI, at the Relation and to the Use of DEL L. BANNISTER, Collector of the Revenue for the City of St. Louis, Missouri, Plaintiff-Appellant, THE CITY OF ST. LOUIS, a Municipal Corporation; JOSEPH P. SESTRIC, Assessor of the City of St. Louis, and MILTON CARPENTER, Comptroller of the City of St. Louis, Intervening Plaintiffs-Appellants, v. TRUSTEES OF WILLIAM JEWELL COLLEGE, a Corporation, Defendant-Respondent, No. 43453—260 S. W. (2d) 479.

Court en Banc, July 13, 1953.
Rehearing Denied, September 14, 1953.

200

*Mark M. Hennelly* for plaintiff-appellant. *James E. Crowe,* City Counselor, and *John P. McCammon,* Associate City Counselor, for intervening plaintiffs-appellants.

*Martin E. Lawson, Frank McC. Mayfield, Jr.,* and *James M. Douglas* for respondent; *Lawson, Hale & Coleberd* and *Thompson, Mitchell, Thompson & Douglas* of counsel.

TIPTON, J.—The collector of revenue of the city of St. Louis brought this action against the Trustees of William Jewell College to collect real estate taxes on a certain tract of land located in the city of St. Louis and owned by that college. The city of St. Louis, Joseph P. Sestric, assessor of that city, and Milton Carpenter, comptroller, filed intervening petitions. The respondent filed an answer admitting the ownership of the land but stated the land was exempt from taxation. Respondent also filed a counterclaim for injunctive and other equitable relief, contending that the tax bills and assessments constitute a cloud on its title to its real estate, and prayed that the collector be restrained from attempting to enforce the collection of the taxes. It also prayed that the collector be restrained from certifying any other tax bills and that the assessor be restrained from further assessing the property so long as it is owned by respondent. The decree of the trial court found that the property involved is owned, held and used solely for the purpose of education. It holds that the assessments for the years 1945 to 1952, inclusive, and the taxes based thereon, are void, and enjoined the collector, comptroller and assessor from assessing, levying and attempting to collect any taxes.

This case was tried upon an agreed statement of facts. Briefly, the facts are as follows: On December 1, 1943, the Century Electric Company sold the land in question to the Trustees of William Jewell College for the sum of $150,000. This purchase was made by the trustees as an investment. The trustees used endowment funds not otherwise employed to pay for the land, and as a part of the transaction the trustees entered into a lease with the Century Electric Company for a period of 25 years with an option to renew for 7 consecutive 10-year periods thereafter. The "Trustees of William Jewell

College'' is a corporation created by the legislature of Missouri by an act approved February 27, 1849, entitled ''An Act to Charter a College in the State of Missouri,'' found in the Laws of Missouri, 1849, page 232, and by a further act approved February 22, 1851, found in the Laws of Missouri, 1851, pages 64 and 65, entitled ''An Act for the Benefit of William Jewell College.'' At that time there existed no constitutional reason to prevent the legislature from passing in 1849 and 1851 the acts creating William Jewell College and granting that college exemption from taxation. Unless these acts come within the provisions of R. S. Mo. 1845, page 122, which provides that all subsequent corporations shall be subject to alteration, suspension and repeal, no other statutory limitation against such an exemption existed at that time.

It is admitted by appellants that by accepting and acting upon the act of 1849, a contract was entered into between William Jewell College and the state of Missouri, but they do not admit that the act of 1851, which was accepted and acted upon by respondent, is an integral part of the contract with the state, as contended by respondent. By article XI, section 16 of the constitution of 1865, the legislature was prohibited from exempting from taxation property of any school other than a public school. William Jewell College is not a public school. Our constitution of 1875, article X, section 6, prohibited the legislature from exempting the property of colleges from taxation, except such property that is used exclusively for educational purposes, and the same provision is contained in article X, section 6, of the 1945 constitution. All the property of William Jewell College on the campus at Liberty, Missouri, is used solely for school purposes; all endowment funds are invested in real and personal property selected by the trustees, all income, rents, profits and proceeds therefrom are used solely for educational purposes, and no person or other corporation derives any profit therefrom. The college has, during its existence, been a non-profit educational corporation. Property received by gift is used for the purpose of maintaining and conducting William Jewell College at Liberty, Missouri, and for investments, all of the income from which being used solely for the purpose of maintaining and conducting that college.

The agreed statement further provided that ''the property involved in this case is leased to the Century Electric Company for use as a foundry and industrial plant and accessory uses; all of the rents received under said lease are used by the Trustees of William Jewell College solely for the purpose of maintaining and conducting said college at Liberty, Missouri.'' It is then stated that a large number of persons have made donations to the college on the representation and in the belief that the donations would be exempt from taxation, and that all the property of the college is and would be exempt from taxation. Finally, all proper procedure was taken by the taxing

official to levy a valid tax if William Jewell College is not exempt from paying the tax.

In the cases of State ex rel. Waller v. Trustees of William Jewell College, 234 Mo. 299, 136 S.W. 397, and Trustees of William Jewell College v. Beavers, 351 Mo. 87, 171 S.W. 2d 604, this court upheld the tax exemption of the charter of that college.

In the Waller case the county collector sought to collect from the college certain state, county, school and other taxes alleged to be due upon personal property owned or held by the college. By a special act of the legislature in the year 1849 William Jewell College was chartered. Laws, 1849, p. 232. At the next session of the legislature in 1851 another act was adopted concerning William Jewell College. These two acts were construed by this court to determine if the personal property held by the Trustees of William Jewell College was exempt from taxation. The 1849 act is summarized in the opinion while the act of 1851 is set out in full. Of special significance is section 1 of the act of 1851. The essential parts of that section read: "That all the land * * * now owned by the 'William Jewell College' * * * and all the lands that may hereafter be granted or devised to said college, * * * for the benefit of education, be, and the same are hereby exempted from all taxes and assessments so long as said lands may be owned by said college." A majority of this court held that the word "land," just quoted from this section, means property, both real and personal, and also that the act of 1851 was not repealed by subsequent changes in our organic law.

In the Beavers case the trustees lent some money to the owners of a farm located in Worth County, Missouri. This loan was secured by a mortgage on that farm and in settlement of the mortgage the makers deeded the farm to the trustees on May 16, 1933. The only question at issue in that case was whether or not the farm was exempt from taxation during the time it was owned by the college. We held it was exempt. In ruling the case we held that the special act of 1849 chartering William Jewell College and the 1851 act exempting property of the college from taxation must be construed together, and when so construed the two acts constitute the charter of William Jewell College. We also overruled the defendant's contention that the general corporation laws of 1845 (Rev. ▮▮▮ St. Mo. 1845, p. 232) that provided "the charter of every corporation that shall hereafter be granted by the legislature, shall be subject to alteration, suspension, and repeal, in the discretion of the legislature," were not repealed when construed with the constitutions of 1865 and 1875. These rulings in the Beavers case were made in the divisional opinion when the case was in division number one of this court, and also in our opinion on motion for rehearing when the case was before the court en banc. In ruling the question of repeal on the motion for rehearing we said, "Therefore, whatever may be the power of the

state to repeal plaintiff's tax exemption under the reservation in the general corporation law of 1845, it did not do so by adopting the Constitutions of 1865 and 1875, or by general statutes enacted for the purpose of carrying out the provisions of those Constitutions.'' 171 S.W. 2d l.c. 610.

The same two issues decided in the Beavers case are raised in the case at bar. We adhere to our rulings in that case and, therefore, overrule appellants' contention on these two issues. We might add that since the constitution of 1875 is almost identical with our constitution of 1945, it, therefore, follows that the 1945 constitution also does not repeal the tax exemption granted the college by its charter.

Since all parts of the charter of William Jewell College are still in effect, the tax exemptions contained in that charter apply to all lands granted or devised to that college for the benefit of education, whether the same be acquired before or after the adoption of our 1865 constitution. Therefore, appellants' contention that all land acquired by the college for the benefit of education before the adoption of the 1865 constitution are tax exempt but all land so acquired after the adoption of the 1865 constitution are not exempt is without merit.

Section 11 of the agreed statement of facts reads: ''The property involved in this case is leased to the Century Electric Company for use as a foundry and industrial plant and accessory uses; all of the rents received under said lease are used by the Trustees of William Jewell College solely for the purpose of maintaining and conducting said College at Liberty, Missouri.'' It is the contention of appellants that this shows that the tract of land in question is not used exclusively for school purposes. Of course, this tract of land is not used directly for school purposes in the same sense that the campus of William Jewell College at Liberty is used, but the agreed statement of facts does show that the rents received under this lease are used solely for the purpose of maintaining and conducting the college.

We have already held that the acts of 1849 and 1851 constitute the charter of William Jewell College. Section 3 of the act of 1849 reads in part, ''the Trustees of the College * * * shall have full power in their corporate capacity, to hold by gift, grant, demise, devise, or otherwise any lands * * * purchased by them for and to the use of the aforesaid college, and may sell * * * or lease, rent, or improve in such manner as they shall think most conducive to the interest and prosperity of said college.''

Section 1 of the act of 1851 reads, ''That all the land and improvements thereon now owned by the 'William Jewell College' * * * and all the lands that may hereafter be granted or devised to said college, * * * for the benefit of education, be, and the same are hereby exempted

from all taxes and assessments so long as said lands may be owned by said college."

When these two sections are construed together, there can be no doubt that the trustees had a right to purchase the tract of land on which the foundry is located, and as long as the rents therefrom are used "for the benefit of education" the tract of land is exempt from all taxes. The tax exemptions granted to the Trustees of William Jewell College are not limited to real estate actually occupied and directly used for educational purposes. All that is necessary is that the land be used to support its educational establishments. Washington University v. Baumann, 341 Mo. 708, 108 S.W. 2d 403.

In the Beavers case, supra, the stipulated facts show that William Jewell College's "property has been, and now is used for the purpose of conducting said College exclusively and not for private gain or emolument as to any person or corporation, and that its work is solely educational." This statement, when construed in the light of the fact that the college obtained the farm in settlement of a mortgage owned by the college, clearly shows that the farm was not actually occupied and directly used for educational purposes. This fact is conclusively shown to be true when we consider that the agreed statement of facts states that the college "does not hold real estate that it takes in payment of, or on foreclosure of, mortgages longer than is necessary in order to procure a proper sale of the same and in order to protect its rights and finances." 171 S.W. 2d l.c. 605. On principle, the Beavers case cannot be distinguished from the case at bar.

It follows that the action of the trial court should be affirmed. It is so ordered. All concur.