**CITY OF HANNIBAL,**
**Plaintiff/Appellant,**

**& Richard Schwartz,**
**Intervenor/Appellant,**

v.

**COUNTY OF MARION, et al.,**
**Defendants/Respondents.**

**No. 58009.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 11, 1990.

Marion F. Wasinger, Hannibal, for plaintiff/appellant.

Branson L. Wood, II, Hannibal, for defendants/respondents.

GRIMM, Judge.

This case involves the validity of § 20.25 of the City of Hannibal's 1957 charter concerning its citizens' exemption from paying county road taxes for roads or bridges outside its city limits. In response to the defendants' summary judgment motion, the trial court found the provision unconstitutional and declared it "void and unenforceable." Plaintiff City of Hannibal and Intervenor Richard Schwartz appealed; however, the City dismissed its appeal. We affirm.[1]

## I. Background

In 1873, Hannibal was a legislative charter city. In that year, the General Assembly adopted an act to consolidate into one act the various acts relating to Hannibal's charter. Laws, 1873, p. 236. Article VIII of that act, entitled "Miscellaneous Provisions," contains six sections. Section 1 is pertinent and states:

> The city of Hannibal shall, at its own proper expense, make, maintain and keep in repair all streets, roads and bridges within the limits of the city, and provide for the maintenance and support of its own poor, and, in consideration thereof, the citizens of Hannibal shall be exempt from all county tax for the support of the poor, or for the construction or maintenance of any roads or bridges in any part of Marion county, outside of the limits of said city, or for paying for any right of way for the same; and if the county court of Marion county shall make any expenditure for the support of the poor, or for the construction, maintenance or repairs of any road or bridge, or right of way for the same, in any part of said county, outside of the limits of said city, and pay for the same out of the county funds, said county shall pay to the treasurer of the city of Hannibal, for the use of said city, a sum of money which shall bear the same proportion to the amount so expended, as the assessed value of all the property subject to county taxation in the city of Hannibal shall bear to the assessed value of similar property in the remainder of the city.

This provision, thus, was a part of Hannibal's 1873 city charter. In 1875, the people of Missouri adopted a new constitution. It directed the General Assembly to enact laws for the organization and classification of cities and towns. Each class of cities was to possess the same powers and be subject to the same restrictions. Art. IX, § 7, Mo. Const. 1875. Existing cities could elect to become subject to, and be governed by, these general laws. *Id.*

Hannibal did not make such an election, and it continued as a legislative charter city. The provision remained a part of its charter. Its charter could not be changed because Art. IV, § 53 of the 1875 constitution specifically prohibited the General Assembly from passing "any local or special law ... changing" the charter of any city. This same prohibition is contained in our current constitution. Art. III, § 40(22), Mo. Const. 1945. Thus, after 1875, Hannibal's legislative charter could not be changed.

In the 1945 constitution, however, provision was made for cities to "frame and adopt a charter for its own government." Art. VI, § 19, Mo. Const. 1945. In 1957, Hannibal voters adopted a charter pursuant to this constitutional provision.

Hannibal's 1957 charter contains § 20.25, entitled "City Exempt from County Poor and Road Tax." This section begins: "There is hereby continued, accepted, reaffirmed, readopted and declared to be in full force and effect, the following" provisions of the legislative charter. Following this opening sentence is the 1873 statutory language set out above.

## II. Validity of § 20.25

Intervenor Schwartz contends the 1873 statutory provisions were not abandoned,

---

1. This case was previously before us following the trial court's sustention of motions to dismiss. We reversed and remanded to permit the parties to submit the issue "either by a motion for summary judgment or by an evidentiary hearing." *City of Hannibal v. County of Marion,* 745 S.W.2d 842, 846 (Mo.App.E.D.1988).

but were "continued in full force and effect" by Hannibal's 1957 charter § 20.25.

We look first to the 1945 Missouri Constitution, which was in effect when Hannibal adopted its charter. Article VI, § 19, pertains to the charter form of city government. It authorizes cities with a certain number of inhabitants to "frame and adopt a charter for its own government, *consistent with and subject to the constitution and laws of this state*." [2] (emphasis added).

Hannibal charter § 20.25 is not "consistent with … the constitution." Section 20.25 purports to exempt "the citizens of Hannibal" from all county taxes for the support of the poor, as well as road taxes. This section conflicts with Art. X, § 3, which provides: "Taxes … shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." [3]

Marion County has the authority to levy taxes. Hannibal is within the territorial limits of Marion County. Therefore, all taxes within Marion County must be "uniform upon the same class of subjects."

An exemption for "citizens of Hannibal" from certain Marion County taxes violates the requirement that taxes be "uniform upon the same class." As pointed out in Marion County's brief, the result of such an exemption would be "[a] Hannibal citizen's property located in Marion County outside of Hannibal would be exempt because it was owned by a Hannibal citizen." In addition, property in Hannibal owned by a non-citizen would be subject to tax, while property in Hannibal owned by a citizen would not be subject to tax.

Our position is supported by *State v. Metro. St. Louis Sewer Dist.*, 365 Mo. 1, 275 S.W.2d 225 (banc 1955). There, the sewer district encompassed property located in the City of St. Louis and St. Louis County. The result of the district's taxing method was to place a three cents tax per one hundred dollars assessed valuation on property in the county, but only two cents on property in the city. The court held the differing rates within the territorial limits of the district violated Art. X, § 3. *Id.* at 233.

Further, an exemption for "citizens of Hannibal" violates Article X, § 6. This section sets forth what property is exempt from taxation. It then continues: "All laws exempting from taxation property other than the property enumerated in this article, shall be void." [4] Nothing in Art. X, § 6 permits exemption from county taxes for "citizens of Hannibal," and thus § 20.25 is void.

Intervenor Schwartz contends the 1873 act "was valid when enacted, has never been repealed by the legislature and was not abrogated by the subsequent Missouri Constitutions." In support, he refers to *State ex rel. Bannister v. Trustees of William Jewell C.*, 364 Mo. 199, 260 S.W.2d 479 (banc 1953). This case is not controlling.

*Bannister* is representative of a number of cases wherein the General Assembly had, in the early 1800's, issued charters to educational institutions and granted the institutions exemptions from taxation. *See, e.g., Washington U. v. Baumann*, 341 Mo. 708, 108 S.W.2d 403 (banc 1937); *Trustees of William Jewell C. of Liberty v. Beavers*, 351 Mo. 87, 171 S.W.2d 604 (banc 1943). Those cases stand for the proposition that an institution with a contractual charter with the state cannot have that contractual charter impaired by subsequent legislation. *Bannister*, 260 S.W.2d at 482; *Baumann*, 108 S.W.2d at 412; *Beavers*, 171 S.W.2d at 607–608.

Hannibal did not have a contractual charter with the state. Rather, Hannibal had a legislative charter. As such, the General

---

2. As adopted in 1945, § 19 required a city to have 10,000 inhabitants to frame its own charter. In 1971, the people amended this section, and also added § 19(a). This required number of inhabitants was reduced to 5,000, and the powers of the cities were clarified.

3. The people amended this section in 1982; the amendment is not pertinent to this opinion.

4. The people amended this section in 1972 and 1982; the amendments are not pertinent to this opinion.

Assembly had the right to "repeal, amend, or change the act of [1873] at will, and without the consent of [landowner] and others, to whom exemption privileges may have been extended in the original act." *State ex rel. Morgan v. Hemenway*, 272 Mo. 187, 198 S.W. 825, 830 (banc 1917).

We acknowledge that in *City of Hannibal v. County of Marion*, 69 Mo. 571 (Mo. 1879), our supreme court found the 1873 act to be constitutional. However, as observed in *State ex rel. Town of Kirkwood v. County Court of St. Louis County*, 142 Mo. 575, 44 S.W. 734, 737 (banc 1898), the *City of Hannibal* court did not consider the 1873 act "with respect to section 46, art. 4, of the constitution, supra, and cannot be considered as controlling authority in the case at hand." *See also Lamar Tp. v. City of Lamar*, 261 Mo. 171, 169 S.W. 12 (Div. 2 1914).

Nor is there any indication the *City of Hannibal* court considered the 1873 act with respect to Art. X, §§ 3, 6, and 7, Const. 1875. *City of Hannibal* is not controlling, and is insufficient to support application of the doctrines of res judicata or estoppel.

Intervenor Schwartz raised other questions, which we have considered. Discussion of those questions would not add anything to what has already been said in regards to the merits of the controversy. The trial court did not err in finding § 20.25 unconstitutional and declaring it "void and unenforceable."

The judgment is affirmed.

CRANDALL, C.J., and SMITH, J., concur.