J. C. HILL, Respondent, v. M. J. SHERIDAN, Appellant.

**Kansas City Court of Appeals, January 27, 1908.**

**SECOND-CLASS CITIES: Dramshop Licenses: Transfer Evidence.**
In a second-class city a dramshop can only be operated under a
license issued by the city which is not a contract but a mere
permit, not transferable except as authorized by statute, and a
failure to introduce such ordinance in evidence and the license
with the transfer indorsed thereon or lay a foundation for
secondary evidence, constitutes a failure of proof where the
issue is the transfer of the license.

Appeal from Buchanan Circuit Court.—*Hon. Chesley
A. Mosman,* Judge.

REVERSED AND REMANDED.

*J. B. O'Connor* for appellant.

(1)   It will be seen by referring to the authorities
that the plaintiff did not comply with the law in any
particular and that defendant could have received no
benefit or protection whatever from the manner in
which the transfer of the dramshop license was made,
if made.   Revised Ordinances, City of St. Joseph, 1897,
chap. 25, sec. 6; Mitchell v. Branham, 104 Mo. App. 486.
(2)   The testimony of plaintiff and witness Luchsinger
was wholly incompetent to establish that a dramshop
license was transferred to defendant.   The statements
of these witnesses cannot be characterized as evidence
at all.   These statements did not tend to prove anything.
(3)   A license to sell liquor is neither a contract nor a
right of property within the legal and constitutional
meaning of these terms.   It is no more than a temporary
permit to do that which would otherwise be unlawful
and forms a part of the internal police system of the
State, and we respectfully submit that the   contract

sought to be enforced, is a positive violation of the statutes and the ordinances of the city of St. Joseph, is illegal and against public policy. R. S. 1899, sec. 2992; Revised Ordinances of the city of St. Joseph, 1897, chap. 25, sec. 6; Higgins v. Talty, 157 Mo. 287; St. Charles v. Hackman, 133 Mo. 642; Mitchell v. Branham, 104 Mo. App. 486.

*John F. Imel* for respondent.

(1) The city of St. Joseph, at the time of the understanding between respondent and appellant, had full control of its dramshops and could permit transfers of licenses, or unexpired or unused portions thereof, from one person to another, notwithstanding such transfer should conflict with a State statute. State v. Binswanger, 122 Mo. App. 78; State v. Kessells, 120 Mo. App. 233. (2) The courts will not take judicial notice of the ordinances of the city of St. Joseph relating to dramshops. Those so confidently relied on by appellant were not introduced in evidence, and are not, therefore, to be considered in this case. Keane v. Klausman, 21 Mo. App. 469. (3) The burden was on respondent to prove his case by a preponderance of the evidence. This means that the testimony which points to a certain conclusion appears to the trier of the fact to be more credible than the testimony to the contrary. Short v. Bohle, 64 Mo. App. 242; McKee v. Verdin, 96 Mo. App. 271.

JOHNSON, J.—Plaintiff sued defendant before a justice of the peace on an account. In the circuit court, where the cause was taken by appeal, a jury was waived, judgment was entered in favor of plaintiff for the amount in controversy, and defendant appealed. Plaintiff, during the period covered by the running account on which the suit was brought, was a wholesale dealer in beer in the city of St. Joseph, and defendant was a dramshop keeper in that city. All of the items of the ac-

count, with one exception, are for beer sold and delivered to defendant. That consists of a charge of $83.34 for a dramshop license. It is admitted by the parties that with the exception of this item, defendant made payments in the aggregate sufficient to discharge the account in full. Defendant denied that he was indebted to plaintiff on account of the dramshop license and the question of plaintiff's right to recover on that item was the only issue submitted to, and determined by, the court.

Plaintiff testified, in substance, that in the latter part of June, 1900, he closed a dramshop on Frederick avenue, which had been conducted in the name of a Mr. Scott. The city license under which Scott was conducting the business had been issued for a period of three months and would not expire until July 31st. Plaintiff owned the dramshop and had paid $250 to the city for a license. About this time, defendant, whose dramshop was located on Edmond street, complained to plaintiff of dull business and asked plaintiff to assist him to procure a renewal of his city license, which then was about to expire. Plaintiff told defendant that he owned the Scott license which had another month to run, and proposed to procure a transfer of that license to defendant for which defendant could pay him the value thereof for the unexpired term "when he got in better shape." Defendant accepted the proposal and plaintiff claims that he had the license duly transferred to defendant who operated under it during the period of its currency. The license certificate was not produced in evidence and all of the testimony with reference to its sale and transfer was objected to by defendant on the ground that the license was the best evidence of that fact. Plaintiff then introduced as a witness the city license inspector who produced what he claimed to be the "license book" of the city from 1899 to 1902,

128 App.—27

which he obtained from the office of the city assessor. He had no personal knowledge respecting the items recorded therein which related to the license account of defendant and the book did not belong to the records of the license inspector's office, nor did the witness know to what office it did belong. The license account of defendant contained therein was not introduced in evidence but the witness was permitted to testify from the book that defendant's "first license expired the 16th of March, 1899, and then there is a skip to the 30th of September; the 31st day of March and then to the 30th day of June; and then there is an added month; makes the 31st day of July. Q. After that it runs three months? A. It runs three months right straight through." On cross-examination, the witness was asked if the book contained any record of a transfer of the license from Scott to defendant and answered: "Q. It does not show any transfer. There is nothing on this record anywhere to show that there was a license transferred from one man to another? A. There is, I suppose, a way which will show that from one man to another, but probably not in this case."

The competency of this testimony was put in issue by timely objections interposed by defendant. Neither party offered in evidence the ordinances of the city relating to the assignment and transfer of dramshop licenses.

It is unnecessary to review the evidence introduced by defendant since we have reached the conclusion that plaintiff completely failed in his proof and that the demurrer offered by defendant to the evidence should have been sustained. The burden was on the plaintiff to show by competent evidence, not only that a transfer of the unexpired license had been made, with the consent of the city, but that such transfer was one which the laws applicable thereto would recognize as valid. Any agreement the parties might make which contem-

plated that defendant should operate his dramshop in violation or evasion of the dramshop law would be against public policy, utterly void, and, therefore, non-enforcible. [Mitchell v. Branham, 104 Mo. App. 480.] No person has the right to conduct a dramshop in this State except under license issued by the proper authorities. [Higgins v. Talty, 157 Mo. 280.] Cities of the second class, to which St. Joseph belongs, are given by law the exclusive power to restrain, regulate, license, tax or suppress dramshops. [R. S. 1899, sec. 5508; State v. Kessels, 120 Mo. App. 233; State v. Binswanger, 122 Mo. App. 78.] And it is conceded that a dramshop could not be operated in the city of St. Joseph except under license issued by the city. Such license, when issued, is not a contract between the municipality and the licensee in which the latter has a vested right, but is a mere permit which is not transferable except such transfer be authorized by ordinance and then only in the manner and form prescribed. [Higgins v. Talty, supra.] In failing to introduce in evidence the ordinances relative to the transfer of such licenses, plaintiff failed completely to sustain his burden of showing a valid sale of the unexpired license. Nor is he in a position to claim the benefit of the presumption of right acting on the part of the officers of the city for the reason that he offered no competent evidence to show that the city consented to and participated in the attempted transfer. The best evidence of that fact was the license itself with the transfer to defendant endorsed thereon. This was not produced, nor was any foundation laid for the introduction of the best secondary evidence which was the record of licenses kept by the city auditor. The book produced by the license inspector should have been identified as the record of licenses kept by the city auditor and the entries therein relating to the subject of this controversy, should have been offered in evidence. Neither of these things was done. It results that the

record before us contains no evidence of a transfer since the oral testimony of plaintiff on that subject is wholly incompetent.

The judgment is reversed and the cause remanded. All concur.